# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**JAMIE JOSEPH PEREZ**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:10-CR-159**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was convicted of being a felon in possession of a firearm. After serving a three-year sentence, he was placed on supervised release. Since defendant was placed on supervision in May 2012, supervision has twice been modified, once for the defendant's use of cocaine, and once because he absconded from the halfway house. In the pending alleged violation, defendant is alleged to have beaten his former girlfriend on September 29, 2013, by punching her several times in the face and kicking her her. When she (continued on attachment)

## Part II – Written Statement of Reasons for Detention

The defendant has failed to show by clear and convincing evidence that there are conditions that will assure the safety of the victim in this case or that the defendant is manageable, since he will not obey instructions from his probation officer.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: **October 3, 2013**

**/s/ Hugh W. Brenneman, Jr.**
*Signature of Judicial Officer*

**Hugh W. Brenneman, Jr., United States Magistrate Judge**
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Jamie Joseph Perez
1:10-CR-159
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.


**Alternate Findings (B) -** (continued)

screamed, a neighbor called the police.  When the police arrived, defendant made her go into a back room and remain silent and not answer the door.  After the police left her residence without making any contact, he forced her to drive him to his residence and stay with him that night upon threat of hurting her if she did not follow his instructions.  The following day, as these events begin to come to light, the defendant contacted his probation officer who instructed him to have no further contact with the victim.  Within two minutes after that telephone call, the defendant called the victim in violation of the probation officer's order.

When the defendant initially talked to the probation officer, he denied striking the victim.  He said her injury was caused because she had chased him and had fallen and had hit herself on a car.  When he later spoke to the probation officer, he admitted that he did strike the victim a couple of times and when asked why, he said "because they were having an argument."